IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>BOBBY DEWAYNE THOMPSON,<br><br>          Defendant. | Case No. 4:16-cr-00009-RRB<br><br>**ORDER RE: PETITION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255** |

Defendant, represented by counsel, collaterally attacks his conviction for being a felon in possession of a firearm, alleging ineffective assistance of both trial and appellate counsel.[1] The government opposes the Petition, and Defendant has replied.

## I. BACKGROUND

According to the Indictment,[2] "on or about" March 22, 2016, Defendant knowingly possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)," previously having been convicted of a crime punishable by imprisonment for a term exceeding one year. The undisputed facts are as follows. Defendant was arrested on March 22, 2016, during a traffic stop. Defendant was in the front passenger seat and, in

---

[1] Docket 116.
[2] Docket 2.

addition to the driver, there were two individuals in the back seat. A search of the car incident to Defendant's arrest for giving false information uncovered a Smith & Wesson model 60 revolver under the front passenger seat. Law enforcement seized Defendant's cell phone, which contained photographs, dated two days prior, of Defendant with what appeared to be a Smith & Wesson model 60 revolver tucked into his waistband.

This Court denied Defendant's motion to suppress his statements from the initial contact with Trooper Howard, evidence seized as a result of his detention and arrest, and evidence obtained resulting from seizure and search of his cell phone, including the photographs.[3] The photographs, showing Defendant with a gun, were admitted as evidence to the jury.

During jury deliberations, the jurors sent a question: "In the pictures from the 20th of March at the hotel, Thompson was clearly in possession of the gun when he had it in his sweatpants. Why do we need to consider anything about the 22nd of March in the car? Can we convict on evidence from the 20th alone?"[4] This Court then instructed the jury that the indictment charged that Defendant had committed the charged act "on or about March 22, 2016," that the law does not provide a specific definition of the term "on or about," and instructed the jurors that they must decide the question "based upon your understanding of the language used after considering all of the evidence presented and the instructions provided."[5]

---

[3] Docket 62.
[4] Docket 68-1 at 4.
[5] *Id.* at 5.

## II. DISCUSSION

Defendant seeks relief from this Court based on multiple theories. He argues that the Court's answer to a jury question caused a constructive amendment or fatal variance, and that both his trial and appellate counsel were ineffective.

### A. Constructive Amendment and Fatal Variance

The Fifth Amendment guarantees a criminal defendant the "right to stand trial only on charges made by a grand jury in its indictment."[6] Defendant argues that the Court's jury instructions constituted a constructive amendment to the indictment, which is prohibited by the Fifth Amendment.[7] The Ninth Circuit recognizes that a constructive amendment of the indictment occurs when "the crime charged was substantially altered at trial, [and] it was impossible to know whether the grand jury would have indicted for the crime actually proved."[8] Defendant discusses a Sixth Circuit case reversing a possession conviction due to constructive amendment of the indictment by a jury instruction in similar circumstances.[9] The Sixth Circuit found that it was "possible that the jury convicted [the defendant] based on an incident of possession not intended by the grand jury to be part of the charge," that some jurors may have convicted the defendant for possession on different dates, and that this left uncertainty as to whether the verdict was unanimous as required by Federal Rule of Criminal Procedure 31(a).[10]

---

[6] *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002) (citation omitted).
[7] Docket 116 at 11–16.
[8] *United States v. Davis*, 854 F.3d 601, 603 (9th Cir. 2017).
[9] See *United States v. Ford*, 872 F.2d 1231, 1236–37 (6th Cir. 1989).
[10] *Id.*

United States v. Thompson　　　　　　　　　　　　　　　　　　　　　　　　Case No. 4:16-cr-0009 RRB
Order Regarding §2255 Petition　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3
Case 4:16-cr-00009-RRB   Document 128   Filed 03/23/21   Page 3 of 13

Defendant argues that this case is similar to *Ford*, because the trial record establishes that he was convicted for conduct that occurred on a date different from the indictment.[11] He argues that the jury's question in this case indicates that they had reached a consensus that he possessed the gun on the 20th, but had not reached a consensus regarding the 22nd.[12] Moreover, Defendant argues that "Defense counsel conceded [in his closing argument] that Thompson possessed the gun on March 20th, but asserted that he did not possess the gun during the traffic stop on March 22nd."[13] Defendant now argues that his lawyer's concession that he possessed the gun on the 20th, combined with the jury's question and the Court's instruction, and the return of a guilty verdict less than an hour later, establish that he was convicted of unindicted conduct; *i.e.*, possession of the gun, as evidenced by the photographs, on March 20th.

Alternatively, Defendant argues that even if the trial evidence and instruction were not a constructive amendment, the evidence and instructions created a variance that affected his substantial rights.[14] A variance "occurs when . . . the evidence offered at trial proves facts materially different from those alleged in the indictment."[15] "A constructive amendment usually involves a complex of facts," while a variance occurs "where the indictment and the proof involve only a single, though materially different, set of facts."[16]

---

[11] Docket 116 at 15.
[12] *Id.*, citing Docket 68-1 at 4.
[13] *Id.*, citing Trial Transcript, Docket 94 at 137, 161.
[14] Docket 116 at 16–19.
[15] *Adamson*, 291 F.3d at 614.
[16] *Id.* at 615.

*United States v. Thompson*  Case No. 4:16-cr-0009 RRB
Order Regarding §2255 Petition  Page 4
Case 4:16-cr-00009-RRB   Document 128   Filed 03/23/21   Page 4 of 13

While a constructive amendment requires reversal, "a variance requires reversal only if it prejudices a defendant's substantial rights."[17]

With respect to a constructive amendment or fatal variance, the government argues that *res judicata* precludes Defendant from asserting these theories because the Ninth Circuit already has ruled on the issues on direct appeal.[18] "Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."[19] "[W]hen a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion."[20] For *res judicata* to apply, "the issue in question must have been decided explicitly or by necessary implication in the previous disposition."[21] The government argues that in this case, the Ninth Circuit explicitly decided that no variance had occurred, and implicitly found that there was no constructive amendment.[22]

The Court of Appeals held as follows:

> [Defendant] now contends that he was effectively convicted for possession of the gun on March 20, not March 22, because the cell phone photos of him with the gun were taken on March 20. However, at trial, the prosecution focused on March 22. The Government offered the March 20 photographs as supporting evidence that Thompson possessed the pistol on March 22, and there was overwhelming evidence that Thompson did possess the pistol on March 22 because an officer testified that the pistol was discovered under Thompson's car seat on March 22. In addition, the district

---

[17] *Id.*
[18] Docket 123 at 12.
[19] *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (citation and internal quotation omitted).
[20] *United States v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012) (citation omitted).
[21] *Id.* at 499 (citation and internal quotation omitted).
[22] Docket 123 at 13.

*United States v. Thompson*  
Order Regarding §2255 Petition  
Case No. 4:16-cr-0009 RRB  
Page 5  
Case 4:16-cr-00009-RRB   Document 128   Filed 03/23/21   Page 5 of 13

judge instructed the jury to reach its verdict based only on the evidence presented. Consequently, Thompson has not demonstrated that he was convicted of possession of the pistol on March 20 rather than on March 22.[23]

Despite the foregoing, Defendant argues that he did not have a full and fair opportunity to litigate the issue of the Court's instruction to the jury at the Ninth Circuit, because the Court of Appeals reviewed only for plain error.[24] The Court of Appeals stated "[w]e review *de novo* a claim that there was a fatal variance between the proof at trial and the facts alleged in the indictment . . . However, when a defendant does not object in the trial court that a jury instruction is a variance, we review a variance claim only for plain error."[25] Accordingly, Defendant now asserts that "had trial counsel objected to the instructions, the court [of appeals] would have been required to review the issue *de novo* and reverse the conviction without regard to prejudice if a constructive amendment had occurred."[26] Moreover, as addressed below, Defendant complains that his appeals counsel did not inform the Court of Appeals that his trial lawyer had conceded the March 20th possession in the photographs. He argues that this Court accordingly has the authority to address the constructive amendment issue, because the it was not decided by the appellate court.[27]

Section 2255 is not a vehicle to challenge an appellate court's decision. The Ninth Circuit, in *Feldman v. Henman*, explained that a habeas corpus petition cannot be

---

[23] Docket 95 at 5–6.
[24] Docket 116 at 23–26.
[25] Docket 95 at 5 (citations omitted).
[26] Docket 116 at 25 (citing *Untied States v. Davis*, 854 F.3d 601, 603–05 (9th Cir. 2017)).
[27] *Id.* at 26.

*United States v. Thompson*                        Case No. 4:16-cr-0009 RRB
Order Regarding §2255 Petition              Page 6
Case 4:16-cr-00009-RRB    Document 128    Filed 03/23/21    Page 6 of 13

used to review the action of the Court of Appeals.[28] Although a court may have discretion to reopen a previously resolved question under certain circumstances, this Court is aware of no authority that allows it to reconsider an issue already decided by the Court of Appeals based upon the assertion that the Court of Appeals applied the wrong standard of review.[29] Ninth Circuit precedent is clear that "[i]f an appeal is improvidently [resolved] *in this court* the remedy is by way of motion directed to *this court* asking for a recall of the mandate . . . so that *this court* may determine whether the appeal should be reinstated."[30] Defendant's petition is, therefore, **DENIED** on these theories.

B.   **Ineffective Assistance of Trial Counsel**

Under the two-prong *Strickland*[31] test, Defendant must establish that (1) "counsel's performance was deficient, i.e., that it fell below an 'objective standard of reasonableness' under 'prevailing professional norms'"; and (2) he "was prejudiced by counsel's deficient performance, i.e., that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'."[32]

Defendant argues that his trial counsel was ineffective for conceding during his closing statement that Defendant possessed the gun in the March 20th photos.[33] The

---

[28] 815 F.2d 1318, 1321–22 (9th Cir. 1987) (citing cases).
[29] Such circumstances include: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).
[30] *Feldman*, 815 F.2d at 1323 (emphasis original). *See also Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir. 1988) ("The authority of a Court of Appeals to recall its mandate is clear . . . [and] exists as part of the court's power to protect the integrity of its own processes.").
[31] *Strickland v. Washington*, 466 U.S. 668 (1984).
[32] *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998) (quoting *Strickland*, 466 U.S. at 691).
[33] Docket 116 at 28.

*United States v. Thompson*   Case No. 4:16-cr-0009 RRB
Order Regarding §2255 Petition   Page 7
Case 4:16-cr-00009-RRB   Document 128   Filed 03/23/21   Page 7 of 13

Government denies that trial counsel conceded Defendant's March 20th possession of a firearm, but that even if he did, "it is not ineffective assistance to acknowledge what the evidence clearly shows."[34] The Court has reviewed the transcript of closing argument, and finds that defense counsel clearly conceded that Defendant possessed a gun in the photographs. He stated: "And so without knowing what's going on within those pictures, there's no evidence to prove that the gun was Bobby Thompson's. It shows that he was in the bathroom with it on March 20th. Does it prove that he knew it was in the car on March 22nd? No."[35] Defense counsel now states in his affidavit that, "I believed that the jury could only convict Mr. Thompson for conduct that occurred on March 22, 2016."[36] As the Ninth Circuit indicated, the prosecution's case focused on the weapon found under Thompson's seat on March 22nd.[37] The March 20th photographs were ostensibly admitted only to show Thompson's *ownership* of the weapon, countering the defense theory was that the weapon in the vehicle belonged to the driver, David Treadway. But the issue of whether defense counsel's concession amounted to ineffective assistance of counsel is a different matter. Defense counsel's closing argument was based on the prosecution's theory of the case that Defendant possessed the gun on March 22nd during the traffic stop. A subsequent question by the jury, wherein the jury itself muddles the issue of the dates, does not render counsel's statement during closing argument "deficient" under *Strickland*.

---

[34] Docket 123 at 17.
[35] Docket 94 at 161.
[36] Docket 116-2, ¶ 5.
[37] Docket 95 at 6.

Defendant alternatively argues that trial counsel's failure to object to the Court's instruction fell below an objective standard of reasonableness.[38] Trial counsel has provided an affidavit, wherein he explains that his theory of the defense relied upon his "belief that the indictment was limited to conduct that occurred on March 22, 2016 during a traffic stop," and that the photographs taken two days earlier showing his client with a gun were admitted "only as evidence that the gun found under the seat of the vehicle . . . was Mr. Thompson's and not one of the other occupants of the vehicle."[39] Counsel states that he conceded that his client possessed a gun when the photographs were taken and did not offer any defense to his possession of the gun in the photos, because he "believed that the jury could only convict Mr. Thompson for conduct that occurred on March 22, 2016."[40] Counsel states that he "neglected to further address my concerns after the court proposed its instructions," and that he "had no strategic reason for not objecting to the court's instructions in response to the jury's question."[41]

But the transcript reflects that when it became clear from the jury's question that they wanted the option to "convict on evidence from the 20th alone," defense counsel argued against the Court instructing that they did not need to consider the evidence from the 22nd, describing such instruction as "absolutely wrong."[42] Defense counsel further articulated to the Court that:

> The government, by the terms of the indictment, focused on March 22nd. The case was defended that way. At trial, in front

---

[38] Docket 116 at 19–23.
[39] Docket 116-2.
[40] Id.
[41] Id.
[42] Docket 94 at 202.

> of the jury, [the prosecutor] argued ladies and gentlemen, the pictures on the 20th are circumstantial evidence that he possessed the gun on the 22nd . . . And so the case was prosecuted and defended on the traffic stop on the possession . . . that means the government asked the jury to convict on the 22nd and now wants a jury instruction that says, you can ignore the evidence about the 22nd, just convict him on the 20th if we have done that good a job. And that would create, in legal terms, a fatal variance of the indictment, or a variance in what we were given notice of and defended against.[43]

Wary of creating a fatal variance, this Court, with the assistance of both counsel, crafted a response to the juror's question that reiterated that the indictment charged that Defendant had committed the charged act "on or about March 22, 2016," that the law does not provide a specific definition of the term "on or about," and that it instructed the jurors that they must decide the question "based upon your understanding of the language used after considering all of the evidence presented and the instructions provided."[44] The response to the jury's question did not, however, directly respond to the queries: "Why do we need to consider anything about the 22nd of March in the car?" or "Can we convict on evidence from the 20th alone?"[45]

Defendant argues that a reasonable attorney would have brought to the trial Court's attention that counsel already had conceded possession in the March 20th photos. But the Court was present for that closing argument, as well. Although the answer to the jury question may have been imperfect, this Court cannot find that defense counsel's performance "fell below an objective standard of reasonableness under prevailing

---

[43] *Id.* at 204.
[44] Docket 68-1 at 5.
[45] *Id.* at 4.

*United States v. Thompson*  Case No. 4:16-cr-0009 RRB
Order Regarding §2255 Petition  Page 10
Case 4:16-cr-00009-RRB   Document 128   Filed 03/23/21   Page 10 of 13

professional norms'" for failing to continue to argue beyond what is transcribed above. Nor is this Court convinced that there is "a reasonable probability" that, had the Court given the jury a more comprehensive answer to the question, the result of the proceeding would have been different."⁴⁶ Defendant's petition based on ineffective assistance of trial counsel is accordingly **DENIED**.

C.   **Ineffective Appellate Counsel**

Finally, Defendant complains that although his appellate counsel argued on appeal that the jury instruction caused a constructive amendment or a fatal variance, his counsel was ineffective for failing to advise the appellate court that trial counsel had conceded Defendant's March 20th possession of the gun.⁴⁷ A transcript of the closing argument was, however, available to the appellate court. Accordingly, even if counsel's performance was deficient under *Strickland*, Defendant has not shown "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'."⁴⁸ Moreover, the Court of Appeals is in a better position than this Court to determine whether knowing this additional fact, if unknown before, would have changed the panel's opinion in order to satisfy the second prong of *Strickland*. Defendant's petition based upon ineffective assistance of appellate counsel is accordingly **DENIED**.

---

⁴⁶ *Babbitt*, 151 F.3d at 1173.
⁴⁷ Docket 116 at 26–28.
⁴⁸ *Babbitt*, 151 F.3d at 1173.

*United States v. Thompson*  Case No. 4:16-cr-0009 RRB
Order Regarding §2255 Petition  Page 11
Case 4:16-cr-00009-RRB   Document 128   Filed 03/23/21   Page 11 of 13

**D.    Certificate of Appealability**

One of the primary purposes of an indictment is to inform a defendant of "what he is accused of doing in violation of the criminal law, so that he can prepare his defense."[49] The Court is cognizant here of Defendant's underlying concern: He was indicted of possession "on or about" March 22nd. The government's case focused on possession during the March 22nd traffic stop. Counsel accordingly conceded possession in the photos taken two days earlier. The jury expressed a desire to convict solely on the photos without consideration of the traffic stop. This Court's instruction to the jury focused on the March 22nd date, and the "on or about" language, but did not clarify, specifically, that they had to find possession *during the traffic stop*, rather than at the time the photos were taken. If the jury convicted solely on the possession in the photographs, and not on the events of March 22, Defendant's entire defense arguably was flawed.[50]

The primary issue before this Court was whether Defendant was deprived of his constitutional right to effective assistance of counsel by his trial or appellate counsel. This Court concludes that Defendant has made a substantial showing of the denial of a constitutional right, because reasonable jurists could debate the validity of Defendant's arguments regarding the Court's answer to the jury question, and/or how this issue was handled by his attorneys at trial and on appeal. Therefore, the Court **GRANTS** the issuance of a Certificate of Appealability on these issues pursuant to 28 U.S.C. § 2253(c).

---

[49] *United States v. Adamson,* 291 F.3d 606, 616 (9th Cir. 2002), (citing *United States v. Tsinhnahijinnie,* 112 F.3d 988, 991 (9th Cir. 1997)).
[50] *See* counsel's affidavit at Docket 116-2.

*United States v. Thompson*  Case No. 4:16-cr-0009 RRB
Order Regarding §2255 Petition  Page 12
Case 4:16-cr-00009-RRB   Document 128   Filed 03/23/21   Page 12 of 13

IT IS SO ORDERED this 23rd day of March, 2021, at Anchorage, Alaska.

                                                            */s/ Ralph R. Beistline*
                                                            RALPH R. BEISTLINE
                                                        Senior United States District Judge

*United States v. Thompson*                                                         Case No. 4:16-cr-0009 RRB
Order Regarding §2255 Petition                                                   Page 13
Case 4:16-cr-00009-RRB    Document 128    Filed 03/23/21    Page 13 of 13